**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SEAN CARTER BRADLEY,**

**Plaintiff,**

v.                                                    **CASE NO. 23-3108-JWL**

**(FNU) HILL, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Sean Carter Bradley, a detainee who is housed at the Wyandotte County Adult Detention Center (WCADC) in Kansas City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. It comes before the Court on Plaintiff's third amended complaint. (Doc. 13.) The Court has conducted an initial screening of the third amended complaint and will dismiss Defendants Hill and Thaxton for the reasons set forth below. With respect to the remaining Defendants, the Court concludes that a responsive pleading is necessary. Because Plaintiff proceeds in forma pauperis, the Clerk of Court will be directed to undertake service of process on the remaining Defendants. *See* 28 U.S.C. § 1915(d).

**I.    Nature of the Matter before the Court**

In the third amended complaint, Plaintiff names as Defendants Deputy Sheriffs Thomas and Lopez, who work at the WCADC; (fnu) Hill, who is employed by Aramark as the food service manager at WCADC; Nurse DD and Nurse Rhonda, both of whom are healthcare providers at the WCADC; and Warden Thaxton of the WCADC. (Doc. 13, p. 1, 3-4.) As the factual background for this complaint, Plaintiff alleges that at approximately 11:08 a.m. on April 12, 2023, when he was detained at the WCADC, Defendant Thomas served him a meal tray. *Id.* at 12. While eating

the food on the tray, Plaintiff bit into a human tooth that was in the food. *Id.* at 5-7, 12. His own

tooth broke and he began bleeding and suffering severe pain. *Id.* at 5, 7. When Plaintiff returned

his meal tray, he took the tooth from his food and a bloody tissue to Defendant Thomas and asked

for emergency medical attention. *Id.* Although Plaintiff repeatedly advised Defendant Thomas that

he needed immediate medical attention, Defendant Thomas merely told Plaintiff that he would

bring him a medical request form and ultimately told Plaintiff to return to his cell immediately or

he would lose his tablet privileges. *Id.* Plaintiff returned to his cell, but Defendant Thomas failed

to bring a medical request form and ignored Plaintiff's attempts to reach him via the intercom

system. *Id.*

At approximately 12:17 p.m. the same day, Plaintiff explained what had happened to

Defendant Lopez, who was at the door to Plaintiff's cell, and Plaintiff said that he needed

emergency medical attention. *Id.* at 5-6. When Defendant Lopez asked whether Plaintiff had

submitted a medical request, Plaintiff said that Defendant Thomas had not brought him the form.

*Id.* at 6. Plaintiff insisted that he needed to be assessed by the medical team, but Defendant Lopez

replied, "'I don't know what to tell [you].'" *Id.* When Plaintiff asked Defendant Lopez if he would

document the injury and the tooth with his body camera, Defendant Lopez ignored the request and

walked away. *Id.*

At approximately 1:24 p.m., Plaintiff saw an unidentified nurse speak with Defendant

Lopez, then walk toward Plaintiff's cell. *Id.* Plaintiff got the nurse's attention, explained that he

had bitten into a tooth that was in his food, showed her some bloody tissues and the tooth, and told

her he needed emergency medical attention and treatment for the pain he was suffering. *Id.* at 6-7.

The nurse told him he needed to put in a medical request, and Plaintiff replied that no one would

bring him one. *Id.* The nurse repeated that Plaintiff needed to submit a medical request and walked

away. *Id.* She failed to alert other medical staff that Plaintiff needed treatment. *Id.*

About 5 minutes later, Plaintiff saw Defendant Nurse DD speaking with Defendant Lopez. *Id.* When she finished the conversation, Plaintiff got her attention and described the events involving his tooth. *Id.* Defendant DD asked if Plaintiff had put in a medical request, and Plaintiff told her that he was in great pain, that he was still bleeding, that his face was becoming numb, and that he believed the tooth from his food should be tested for diseases. *Id.* Defendant DD merely repeated that Plaintiff needed to submit a medical request form and walked away. *Id.*

At approximately 5:00 p.m., when Plaintiff left his cell to get his meal tray for dinner, Plaintiff again spoke with Defendant Lopez about his situation. *Id.* at 7-8. Defendant Lopez said he would bring Plaintiff a medical request form, but did not do so. *Id.* Plaintiff was in too much pain to eat his dinner, so he returned to his cell and laid down. *Id.*. He fell asleep but throbbing pain woke him later in the night and he contacted the deputy on duty, who brought him a medical request form and a grievance form. *Id.* at 8.  Plaintiff told the deputy that he needed immediate assessment and treatment and that the Defendants had previously denied his requests. *Id.* The deputy "agreed and walked off." *Id.* At this point, Plaintiff submitted his medical request. *Id.*

The next day around noon, Nurse Jessica[1] came to Plaintiff's cell and told him that the dentist would be in the next day. *Id.* As she started to walk away, Plaintiff stopped her and told her that his cut was still bleeding, the pain was a 10 out of 10, he wanted a tetanus shot, and he believed that he needed to be tested for diseases due to biting into a human tooth that was in his food. *Id.* She ignored him and walked away. *Id.*

On April 14, 2023, Plaintiff saw the dentist, who extracted his broken tooth. *Id.* at 9. Plaintiff continues to suffer a loss of feeling in the left side of his face, and he suffers from anxiety

---

[1] In the supporting facts, Plaintiff refers to "Defendant nurse Jessica," but he has not named Nurse Jessica as a defendant in this action. (*See* Doc.13, p. 1, 3-5, 8.)

and mental anguish. *Id.* He contends that he is unable to eat meals, that brushing his teeth "causes physical trauma," and that chewing and drinking constitute "a[n] every day lasting shock." *Id.* at 10.

As the sole count in the third amended complaint, Plaintiff alleges that by the acts and omissions detailed above, Defendants violated his Fourteenth Amendment right to due process and were deliberately indifferent to his obvious medical needs. *Id.* at 5, 12. As relief, Plaintiff seeks $250,000.00 in compensatory damages; $100,000.00 for his pain and suffering; $1,500,000.00 for punitive damages; an order that the tooth that was in his food be tested for diseases; an award of damages for any harm he may suffer as a result of being exposed to any diseases discovered through that testing, and any other relief the Court deems fair. *Id.* at 14.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B); *Forney v. Oklahoma*, 172 F.3d 878 (10th Cir. 1999) (unpublished order and judgment) (applying 28 U.S.C. § 1915A(b)(1) to complaint brought by pretrial detainee). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

4

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

## III.   Discussion

### A.  Personal Participation

This action is subject to dismissal as it is brought against Defendants Hill, Nurse Rhonda, and Warden Thaxton because the third amended complaint does not allege sufficient personal participation in the alleged constitutional violations.

As the Court advised Plaintiff in the May 24, 2023 Memorandum and Order, an essential

element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. (Doc. 12, p. 7.) *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). For a supervisor to be held liable under § 1983, he or she must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Moreover, an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

The only allegations specifically involving Defendants Hill, Rhonda, or Thaxton are that as the Aramark food service manager at the WCADC, Defendant Hill "is responsible for the training of supervisors who prepare food" for the WCADC; Defendant Rhonda is a healthcare provider at the WCADC; and Defendant Thaxton, the WCADC warden, has not responded to Plaintiff's grievances. (Doc. 13, p. 3-4, 9, 11.) Because the Court has already advised Plaintiff of the personal-participation requirement yet this deficiency remains in his third amended complaint, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). Thus, the Court will dismiss Defendants Hill, Rhonda, and Thaxton from this action without prejudice.

With respect to the remaining Defendants—Deputies Thomas and Lopez and Nurse Rhonda—the Court finds that the third amended complaint sufficiently alleges a plausible claim for relief under § 1983, so a responsive pleading is necessary. Because Plaintiff is proceeding in

forma pauperis, the Clerk of the Court must undertake service of process under 28 U.S.C. § 1915(d).

**IT IS THEREFORE ORDERED** that this action is **dismissed without prejudice** as it is brought against Defendants (fnu) Hill, Rhonda (lnu), and (fnu) Thaxton. The Court directs the Clerk of Court to prepare and issue waiver of service forms for Defendants (fnu) Thomas, DD (lnu), and (fnu) Lopez pursuant to Fed. R. Civ. P. 4(d) to be served upon these Defendants at no cost to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge